-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BILLIE LYNN HOLT,

        Plaintiff,

        -v-

ROBERT CHARLES BAIRD,

        Defendants.

DECISION AND ORDER
07-CV-6371CJS

---

## INTRODUCTION

Plaintiff, Billie Lynn Holt, has filed a document, *pro se,* on papers supplied by the Court for the filing a habeas corpus action pursuant to 28 U.S.C. § 2254 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 3). Plaintiff has also requested appointment of counsel (Docket No. 2).

It is clear from plaintiff's various documents that she is not challenging a conviction nor is she now held in custody, which are the prerequisites of a proper habeas corpus action. Rather, plaintiff is challenging New York State Family Court proceedings and her view that errors occurred there. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed for lack of subject matter jurisdiction.

## DISCUSSION

All of plaintiff's allegations go to whether the Family Court committed error in reaching its decisions and/or failing to reach decisions and all of plaintiff's constitutional and statutory claims are "inextricably intertwined" with the Family Court's judgments and proceedings. *Fariello v.*

*Campbell*, 860 F.Supp. 54, 65 (E.D.N.Y. 1994). In essence, plaintiff is seeking federal review of the Family Court orders regarding custody of the youngest child that she has in common with Robert Baird, the putative respondent in this action.

This Court has no jurisdiction to hear plaintiff's claims in a habeas proceeding, which is a federal cause of action reserved for a person in custody pursuant to the judgment of a State court (28 U.S.C. § 2254(b((1). In addition, it is well settled that federal district courts do not have jurisdiction "over challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 462 (1983).

"This court may not review the family court's determinations regarding custody, neglect and visitation, as those issues were decided by the family court after providing [plaintiffs] a full and fair opportunity to litigate those issues." *Phifer v. City of New York*, 289 F.3d 49, 57 (2d. Cir. 2002) (citing *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996) (stating that inferior federal courts do not have subject matter jurisdiction over cases that effectively seek review of judgments of the state courts). If plaintiff has any complaint with how the Family Court handled her matter, her remedy is to appeal that decision. She has no remedy here in federal court. Accordingly, plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   Rochester, New York
         September 11, 2007.